IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

$200,000.00 IN UNITED STATES CURRENCY,

      Defendant.

_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

The United States of America, by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Laura B. Hurd, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

## JURISDICTION AND VENUE

1. The United States of America ("the United States") has commenced this action pursuant to the civil forfeiture provisions of 18 U.S.C. § 981(a)(1)(A), seeking forfeiture of defendant property based upon violations of 18 U.S.C. §§ 1956 and 1960. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper under 28 U.S.C. § 1395, as the defendant property is located, and some of the acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

3. Defendant property is more fully described as:

a. $200,000.00 in United States currency (herein "$200,000.00 in U.S.

currency"), was seized on October 30, 2020, from a rented vehicle driven by Saad Gagai, on westbound Interstate 70, near Mack, Colorado.   Defendant $200,000.00 in U.S. currency is currently being held by United States Customs and Border Protection, in Denver Colorado.

## FACTUAL BASIS FOR FORFEITURE

4.     Except as otherwise noted, all the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

### Defendant $200,000.00 in U.S. Currency

5.     On October 30, 2020, at approximately 1:00 p.m., a Colorado State Patrol (CSP) officer stopped a vehicle traveling westbound on Interstate 70 near the Colorado-Utah state line for a traffic infraction.   The driver identified himself as Saad Gagai ("Gagai").   Gagai was traveling with his wife and their daughter.

6.     The CSP patrol officer explained the reason for the stop and asked Gagai about their travel plans.   During the interaction, Gagai and his wife appeared extremely nervous during the interaction with the CSP patrol officer.   When asked if they had a large sum of currency, they denied having a large sum of currency in the vehicle.

7.     The CSP patrol officer asked for consent to search the vehicle and Gagai agreed. The CSP officer then searched the vehicle and discovered defendant $200,000.00 in U.S. currency. The defendant currency was wrapped in rubber bands and was inside two manila envelopes inside a backpack on the backseat. Both Gagai and his wife denied ownership of the defendant $200,000.00 in U.S. currency.

2

8.      After the discovery of the defendant $200,000.00 in U.S. currency, Gagai agreed to speak with law enforcement investigators.

9.      During the interview, Gagai told investigators that an individual from Pakistan called him and instructed him to travel to Kansas City to pick up the currency and deliver it to California.

10.     Gagai said that on October 29, 2020, he had flown with his family from the Los Angeles International Airport to the Kansas City International Airport.   When they arrived in Kansas City, Gagai immediately met with a man named Umar, who provided defendant $200,000.00 in U.S. currency to him.

11.     Gagai told investigators that he was instructed to deliver defendant $200,000.00 in U.S. currency to someone in Los Angeles.   Gagai said that he was paid between $4,000 and $5,000 to transport the currency.

12.     Gagai further stated that the money was involved in a currency exchange.

13.     Gagai said that he was initially recruited by a person named Farooq, who he met at a wedding in Pakistan. According to Gagai, he has known Farooq for approximately 2-3 years and Farooq lives in Dubai.

14.     Gagai also said the he was not registered with FinCEN, nor was he licensed in any state as a money transmitter.

15.     Gagai told investigators that he had done this type of transaction at least once before and that he knew what he was doing was illegal.

16.     When asked if the funds were related to the drug trade, Gagai stated they were not; however, Gagai would not deny the currency was from other criminal conduct.

17.     A telephone number for Umar, provided to agents by Gagai, was identified in an importation of synthetic cannabis analogues investigation in 2012.   In addition, the telephone number was also associated with an illegal marijuana cultivation case out of California in 2018.

## CONCLUSION

18.     An unlicensed money transmitting business is defined as one which affects interstate or foreign commerce in any manner or degree, is operated without an appropriate license in a state, whether or not the transmitter knew that the operation was required to be licensed, is not in compliance with the money transmitting business registration requirements under 31 U.S.C. § 5330, which requires that money transmitting businesses be registered with the Secretary of the Treasury, or otherwise involves the transportation or transmission of funds that are known by the transmitter to have been derived from a criminal offense, or are intended to be used to promote or support unlawful activity

19.     Money transmitting is defined as transferring funds on behalf of the public, by any and all means, including but not limited to, transfers within the United States or to locations abroad by wire, check, draft, facsimile or courier.

20.     Based on the facts and circumstances described above, defendant $200,000.00 in U.S. currency was involved in an unlicensed money transmitting business, and/or derived from specified unlawful activity, and is therefore forfeitable to the United States.

<u>VERIFICATION OF BENJAMIN DONOHUE</u>
<u>SPECIAL AGENT, HOMELAND SECURITY INVESTIGATIONS</u>

I, Special Agent Benjamin Donahue, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

Benjamin Donahue
Special Agent-Homeland Security
Investigations

FIRST CLAIM FOR RELIEF

21.     The Plaintiff repeats and incorporates by reference the paragraphs above.

22.     By the foregoing and other acts, defendant $200,000.00 in U.S. currency constitutes property involved in a financial transaction, or attempted transaction, that was derived from proceeds of some form of unlawful activity, in order to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds, in violation of 18 U.S.C. § 1956, and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

SECOND CLAIM FOR RELIEF

23.     The Plaintiff repeats and incorporates by reference the paragraphs above.

24.     By the foregoing and other acts, defendant $200,000.00 in U.S. currency constitutes property involved in an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960, and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the Defendant $200,000.00 in U.S. currency in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 30th day of April 2021.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By: s/ Laura B. Hurd
Laura B. Hurd
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0402
E-mail: laura.hurd@usdoj.gov
*Attorney for Plaintiff*